UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARGA TAYLOR, as Personal Representative
of the Estate of Earl C. Hitchcock, deceased
and as Natural Guardian and Next of Friend of
Miranda Hitchcock, a minor and daughter, of
Earl C. Hitchcock, deceased,

                Plaintiff,

v.                                                Case No.  5:05-cv-397-Oc-10GRJ

ED DEAN, individually and in his official
capacity as Sheriff of Marion County, Florida;
JOHNNY PAPPAS, individually and in his
official capacity as Deputy Sheriff of Marion
County, Florida; MARION COUNTY
SHERIFF'S OFFICE,

                Defendants.
_____/

## ORDER

Pending before the Court is Plaintiff's Motion for an Order Authorizing Plaintiff to Obtain Medical Records of Defendant Deputy Sheriff Johnny Pappas. (Doc. 53.) Defendants have filed a response in opposition (Doc. 54) and therefore the matter is ripe for review.  For the reasons discussed below, Plaintiff's motion is due to be **GRANTED** to the extent of this Order.

## DISCUSSION

This case arises out of the alleged wrongful death of Earl C. Hitchcock during a police chase that occurred on November 13, 2004.  On that date, Deputy Sheriff Pappas conducted a traffic stop of Mr. Hitchcock for the alleged reason that Mr. Hitchcock was driving erratically.  Mr. Hitchcock fled the scene on foot and was pursued

by Deputy Sheriff Pappas. Plaintiff alleges that Deputy Sheriff Pappas used excessive force in the apprehension of Mr. Hitchcock, which directly and proximately caused Mr. Hitchcock's death. Plaintiff filed suit against Deputy Pappas and Sheriff Ed Dean alleging both constitutional violations under 42 U.S.C. § 1983 and pendent state claims for battery and wrongful death.

In the instant motion, Plaintiff requests that the Court compel the production of Deputy Pappas' medical records that allegedly detail the injuries Deputy Pappas received during the apprehension of Mr. Hitchcock. As support for his request, Plaintiff argues that the medical records are relevant to the issue of whether Deputy Pappas was facing a serious threat of deadly force, arguably an issue that concerns Plaintiff's excessive force claim under § 1983. Without addressing the threshold issue of whether a privilege even applies to the medical records, Plaintiff suggests that the privilege has been waived because Deputy Pappas disclosed the name of his doctor in response to one of Plaintiff's interrogatories and thus injected his medical condition in issue.

Defendant counters that he should not be compelled to produce his medical records because they are privileged under Florida law. Relying upon the language of Rule 501 of the Federal Rules of Evidence, Defendant reasons that Florida law should control the Court's determination of whether the medical records are privileged.[1] Although there is no Florida common law physician-patient privilege, Fla. Stat. § 456.057(5)(a) has been recognized as creating a physician-patient privilege of

---

[1] Rule 501 of the Federal Rules of Evidence provides in relevant part: "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a ... person ... shall be determined in accordance with State law."

confidentiality for a patient's medical records and information.[2]  Defendant goes on to argue that he has not waived the Florida physician-patient privilege by placing into issue his medical condition when he disclosed the identity of his medical provider in response to one of Plaintiff's interrogatories.[3]

Notably, however, the respective arguments advanced by the parties miss the critical issue. That is - whether federal or state law of privilege controls the Court's determination. By necessity that issue is dispositive in view of the fact that there is a physician-patient privilege under Florida law while there is no corresponding doctor-patient privilege under federal law.[4]

In the Eleventh Circuit, the law is well settled on this issue. In *Hancock v. Hobbs*[5] the Court held "[t]he federal law of privilege provides the rule of decision in a civil proceeding where the court's jurisdiction is premised upon a federal question, even if the witness-testimony is relevant to a pendent state count which may be controlled by a contrary state law of privilege."[6]

---

[2] *See,* Pierre v. North Shore Medical Center, Inc., 671 So. 2d 157 (Fla. 1996).

[3] Defendant's answer to Plaintiff's interrogatory number 6 was provided by Defendant pursuant to the Court's Order (Doc. 52) granting Plaintiff's motion to compel. In this sense the Defendant is correct that the information was not voluntarily provided by Defendant.

[4] *See, e.g.* Gilbreath v. Guadalupe Hospital Foundation, Inc., 5 F.3d 785, 791 (5th Cir. 1993); United States v. Moore, 970 F.2d 48, 50 (5th Cir. 1992)("We hold, therefore, that there is no federal doctor-patient privilege ... "); Hancock v. Dodson, 958 F.2d 1367, 1373 (6th Cir. 1992)("[B]ecause the federal courts do not recognize a federal physician-patient privilege, appellant's arguments regarding the scope of that privilege must be rejected ... ");   United States v. Bercier, 848 F.2d 917, 920 (8th Cir. 1988); *see also,* Northwestern Memorial Hospital v. Ashcroft, 362 F.3d 923, 926 (7th Cir. 2004)(acknowledging that there is federal common law physician-patient privilege.).

[5] 967 F.2d 462, 466-67 (11th Cir. 1992).

[6] *Id.* at 467; *see also*, Dominguez-Silva v. Harvey, 2006 WL 826091 (N.D. Ga. 2006).

Here, Plaintiff's cause of action and the Court's jurisdiction - like the plaintiff's cause of action in *Hancock* - is premised upon 42 U.S.C. § 1983 and, accordingly, the federal law of privilege governs the Court's determination of whether the requested medical records are privileged. Because this question is controlled by federal law, and federal law does not recognize a doctor-patient privilege, the requested records are subject to discovery under the Federal Rules of Civil Procedure if the records are "relevant to a claim or defense of any party."

Defendant Pappas has not addressed the issue of the "relevance" of his medical records within the context of Rule 26(b)(1) but rather indirectly discusses the issue by arguing that he did not place his injuries in issue and thus has not waived his privilege. Plaintiff, as well, focuses upon the issue of whether Defendant Pappas has placed his physical injuries in issue rather than upon the issue of relevance. However, because there is no privilege that applies to the medical records,[7] the Court need not determine whether Plaintiff has placed his physical injuries in issue. Rather the Court need only determine whether Deputy Pappas' physical injuries are relevant to the claims in this case.

The Court concludes that the physical injuries (or lack thereof) sustained by Deputy Pappas are relevant to the issue of whether the force utilized by Detective Pappas was excessive. Although Deputy Pappas argues that the reason he used force was in response to Mr. Hitchcock's attempt to gain control of Deputy Pappas' firearm -

---

[7] Although the Defendant has not asserted any other federal basis to support a privilege the Court notes that the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub.L. 104-191, 110 Stat. 1936 does not, itself, create a privilege for medical records but rather only a procedure for obtaining authority to use medical records in litigation. *See,* Northwestern Memorial Hospital, 362 F.3d at 925-926.

and not in response to an assault by Hitchcock that caused physical injuries - the fact remains that Deputy Pappas stated in response to an interrogatory that he "suffered injuries as a result of Earl Hitchcock's attack ... on the date of the incident." Whether Deputy Pappas was injured - or not - is arguably relevant to the events that transpired and ultimately the issue of excessive force under Plaintiff's § 1983 claim. This view is consistent with the Court's prior Order (Doc. 52) in which the Court concluded that "the nature and extent of Defendant Pappas' injuries suffered are both relevant and material to this litigation."

Accordingly, for these reasons, Plaintiff's Motion For An Order Authorizing Plaintiff To Obtain Medical Records of Defendant Deputy Sheriff Johnny Pappas (Doc. 53) is due to be **GRANTED** as detailed in this Order. Although the Court has determined that the medical records from Dr. Joseph Locker concerning the injuries allegedly suffered by Deputy Pappas are not subject to a state created physician-patient privilege, and are discoverable, the Court, nonetheless, cannot compel Defendant Pappas to execute a medical release in view of the fact that the Court is not aware of any case law or rule authorizing the Court to do so.[8] To this extent Plaintiff's motion to compel is due to be denied. Accordingly, if Plaintiff wishes to obtain the records directly

---

[8] Defendant Pappas is, however, free to agree to the language of an appropriate medical release if he determines proceeding in that manner is less intrusive than having Dr. Locker served with a subpoena.

from Dr. Locker, the Plaintiff must issue a subpoena to the medical provider and utilize the appropriate procedures in accordance with HIPAA.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on October 23, 2006.

GARY R. JONES
United States Magistrate Judge

Copies to:
　　All Counsel