UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARGA TAYLOR, as Personal
Representative of the Estate of Earl C.
Hitchcock, deceased and as Natural
Guardian and Next of Friend of Miranda
Hitchcock, a minor and daughter, of Earl C.
Hitchcock, deceased,

                Plaintiff,

-vs-                                          Case No.  5:05-cv-397-Oc-10GRJ

ED DEAN, individually and in his official
capacity as Sheriff of Marion County,
Florida; JOHNNY PAPPAS, individually and
in his official capacity as Deputy Sheriff of
Marion County, Florida; MARION COUNTY
SHERIFF'S OFFICE,

                Defendants.
_____

## O R D E R

This action for damages brought pursuant to 42 U.S.C. § 1983 is before the Court for consideration of the Motion to Dismiss Amended Complaint by Defendant Ed Dean, Individually, and in His Official Capacity as Sheriff of Marion County (Doc. 37), to which the Plaintiffs have responded (Doc. 43) and the Motion to Dismiss Amended Complaint by Defendant Johnny Pappas, Individually, and in His Official Capacity as Deputy Sheriff of Marion County, Florida (Doc.36), to which the Plaintiffs have responded (Doc. 44). The motions are ripe for review and the Court concludes that they are due to be granted in part and denied in part.

**Background and Facts**

The facts, as set forth in the Plaintiffs' Amended Complaint (Doc. 33), are as follows. In the early morning hours of November 13, 2004, Earl C. Hitchcock ("Hitchcock") was driving a vehicle in Marion County, Florida, when Marion County Deputy Sheriff Johnny Pappas ("Pappas") purportedly observed Hitchcock driving in an erratic manner and initiated a traffic stop. Hitchcock refused to yield, and Pappas pursued him to a fenced-in area, where Hitchcock came to a complete stop. Pappas blocked Hitchcock from driving out of the enclosed area, and both men exited their vehicles. Hitchcock was unarmed, and allegedly posed no threat of death or serious physical harm to Pappas. Immediately after exiting his vehicle, Pappas released a trained-to-attack K-9 German Shepard that accompanied him. The K-9 knocked Hitchcock to the ground and bit him on his head, face, torso, arms, hands and legs. Pappas then approached Hitchcock and sprayed him several times with either pepper spray or mace. The K-9 continued to attack Hitchcock as Pappas proceeded to strike Hitchcock on the head and face with a blunt object. The strikes fractured Hitchcock's skull in two places, causing brain damage and destroying his left eye. Hitchcock died shortly after backup police officers and sheriff's deputies arrived on the scene.

The Plaintiffs have alleged that Pappas violated Hitchcock's "constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from unreasonable search and seizure of his person," and that those violations caused

Hitchcock's death, and physical pain and suffering and emotional trauma prior to his death. The Plaintiffs have also alleged that Marion County Sheriff Ed Dean ("Dean") instituted policies, customs and practices that directly and proximately resulted in the deprivation of Hitchcock's civil rights that led to his death.  According to the Plaintiffs, Dean:

(a) adopted policies customs and practices permitting deputy sheriffs to remain employed by Ed Dean, Sheriff of Marion County, Florida, after they had engaged in actions resulting in the deprivation of constitutionally protected rights;

(b) developed policies, customs and practices of failing to investigate Internal Affair complaints against deputy sheriffs and failing to take appropriate actions against offending deputy sheriffs, such as dismissal;

(c) kept deputy sheriffs who exhibited a pattern and practice of preying upon citizens to deprive them of their constitutionally protected rights on active duty and in contact with the public;

(d) developed customs and practices of allowing renegade deputy sheriffs to prey upon citizens and to deprive citizens of their constitutionally protected rights;

(e) did not adopt policies or procedures that would protect citizens from deputy sheriffs who had exhibited a propensity to deprive citizens of constitutionally protected rights;

(f) did not supervise and train his deputy sheriffs, including Defendant Deputy Sheriff Johnny Pappas, to honor the constitutional rights of citizens; and

(g) did not require appropriate in-serivce training or retraining of deputy sheriffs who were known to have engaged in misconduct.

On May 15, 2006, the Plaintiffs filed the First Amended Complaint in this case, alleging ten claims variously against Pappas and Dean in both their individual and official capacities.  The causes of action alleged and the defendant targeted thereby are as follows:

Count I: Battery (state law) / Pappas, in his official capacity as Marion County Deputy Sheriff;

Count II: Battery (state law) / Pappas, individually;

Count III: Wrongful Death (state law) / Pappas, in his official capacity as Marion County Deputy Sheriff;

Count IV: Wrongful Death (state law) / Pappas, individually

Count V: § 1983 / Pappas, in his official capacity as Marion County Deputy Sheriff

Count VI: § 1983 / Pappas, individually

Count VII: Vicarious Liability (state law) / Dean, in his official capacity as Marion County Sheriff

Count VIII: § 1983 (wrongful death) / "All Defendants"

Count IX: § 1983 (survival action) / "All Defendants"

Count X: § 1983 / Dean, individually and in his official capacity as Marion County Sheriff

The Defendants have moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss many of the claims alleged in the First Amended Complaint on various grounds as discussed in turn in this Order.

## Motion to Dismiss Standard

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with

a high mortality rate."[1]  As the Supreme Court declared in Conley v. Gibson, a complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[2]  Thus, if a Complaint "shows that the Plaintiff is entitled to any relief that the Court can grant, regardless of whether it asks for the proper relief," it is sufficiently plead.[3]  The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim."[4]  Instead, all that is required is that the claimant set forth a "short and plain statement of the claim" sufficient to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."[5]  However, "while notice pleading may not require that the pleader allege a 'specific fact' to cover each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."[6]

---

[1] Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968).

[2] Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 80 (1957); see also Cook & Nichol, Inc. v. The Plimsoll Club, 451 F.2d 505 (5th Cir. 1971).

[3] Dotschay v. Nat'l Mut. Ins. Co., 246 F.2d 221 (5th Cir. 1957).

[4] Conley, 355 U.S. at 47.

[5] Id.

[6] Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations omitted).

**Discussion**

*Sovereign Immunity*

Pappas moves to dismiss Counts I and III of the Amended Complaint because he argues that sovereign immunity bars those claims, in which the Plaintiffs alleged state law claims for battery and wrongful death against Pappas in his official capacity as a Marion County Deputy Sheriff. Florida Statutes section 768.28(9) provides, in relevant part:

> The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee or agent committed while acting outside the scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Because in Counts I and III the Plaintiffs purported to state claims against Pappas in his official capacity, the Plaintiffs are actually seeking to hold Marion County liable for the actions of Pappas. In the Amended Complaint, the Plaintiffs alleged that Pappas acted "with malice aforethought, intent and with willful and wanton disregard for the civil rights of Earl C. Hitchcock." Therefore, the Plaintiffs' claims in Count I and III fall squarely within the provisions of section 768.28(9), and those Counts must be dismissed because they are barred by sovereign immunity.[7]

*Pleading Against Defendant Pappas Individually and in His Official Capacity*

Pappas moves to dismiss Count V of the Amended Complaint, in which the Plaintiffs purported to state a § 1983 claim against Pappas in his official capacity as a Marion County Deputy Sheriff. Pappas argues that it is improper to proceed with such an official capacity

---

[7] See Smith v. Brevard County, 2006 WL 2355583, * 5 (M.D. Fla. August 14, 2006).

claim where the Sheriff of Marion County is also named as a defendant to a § 1983 claim in this action. The Defendant's argument is based upon Busby v. City of Orlando 931 F.2d 764, 776 (11th Cir. 1991), in which the Eleventh Circuit affirmed the district court's decision to dismiss a § 1983 claim against a police officer in his official capacity, reasoning that:

> Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official capacity actions against local government officials, because local government units can be sued directly . . . . In Busby's action against the City of Orlando, the district court recognized that the intended defendant was actually the City. To keep both the city and the officers sued in their official capacity as defendants in this case would have been redundant and possibly confusing to the jury.

Here, the Marion County Sheriff is named as a defendant. While the Marion County Sheriff's Office is not an entity that can be sued under Florida law, court's have treated a suit against the sheriff, in his official capacity, as a suit against the county itself.[8] Count X already states a § 1983 claim against Dean, in his official capacity as the Marion County Sheriff, and the Court interprets that claim as actually being a claim against Marion County. Thus, Count V, which purports to state a § 1983 claim against Pappas in his official capacity as a Marion County Deputy Sheriff, is due to be dismissed because it is unnecessary and would serve only to confuse the jury where the Plaintiffs have already stated a § 1983 claim against Marion County.

---

[8] See, e.g., Adcock v. Baca, 157 Fed. App'x 118, 119-20 (11th Cir. 2005).

### *Duplicative § 1983 Counts*

The Defendants move to dismiss Counts VIII and IX of the Amended Complaint on the grounds that the Plaintiffs failed in those Counts to state a cause of action under § 1983. The Defendants assert that Counts VIII and IX are completely duplicative of and subsumed by Counts VI and X, and that Counts VIII and IX are merely an attempt by the Plaintiffs to plead elements of damages. Counts VIII is titled as a "§ 1983 Wrongful Death" claim against "All Defendants" and reads, in its entirety:

> 73. Plaintiffs reallege paragraphs one through forty-seven.
>
> 74. Plaintiffs claim damages for the wrongful death of Earl C. Hitchcock, and for loss of his income, services, protection, care, assistance, society, companionship, comfort, parental guidance, counsel, and advice, and for funeral and burial expenses under 42 U.S.C. § 1983 and the State of Florida Wrongful Death Statute.

Count IX is titled as a "§ 1983 Survival Action" claim against "All Defendants" and reads, in its entirety:

> 75. Plaintiffs reallege paragraphs one through forty-seven.
>
> 76. Earl C. Hitchcock was forced to endure great conscious pain and suffering before his death.
>
> 77. Earl C. Hitchcock filed no action during his lifetime, but under the laws of the State of Florida this action survives and may be asserted by his Estate.
>
> 78. Plaintiff Marga Taylor, as Personal Representative of the Estate of Earl C. Hitchcock, claims damages for the conscious pain and suffering and necessary expense incurred by the Estate of Earl C. Hitchcock.

In response to the Defendants argument that the Plaintiffs failed to state a claim in Counts VIII and IX and merely attempted to plead damages that are subsumed in Counts

VI and X, the Plaintiffs state that a plaintiff may bring wrongful death and survival actions pursuant to § 1983, and that the Plaintiffs are bringing these actions in the alternative. The Plaintiffs seem to have missed the point. In Counts VIII and IX, the Plaintiffs alleged absolutely no violation of a federal civil right. Nor do those Counts allege any wrongdoing by any of the Defendants. If the Court were to interpret Counts VIII and IX as alleging the constitutional violations previously asserted in the paragraphs those Counts purport to reallege by reference, then Counts VIII and IX would involve the identical purported violations stated in Counts VI and X. Accordingly, the Court dismisses Counts VIII and IX for failure to state a claim upon which relief can be granted and because they are duplicative of and subsumed by Counts VI and X.

In addition, the Defendants assert that the Plaintiffs' requests for damages for pain and suffering in their § 1983 claims must be dismissed as inconsistent with their claim for wrongful death because success on their wrongful death action would preclude recovery of damages for pain and suffering. The Plaintiffs respond that they are simply pleading in the alternative:

> The First Amended Complaint alleges that Deputy Sheriff Johnny Pappas attacked and beat the decedent. The First Amended Complaint also alleges that Deputy Sheriff Johnny Pappas killed the decedent. The jury may or may not conclude that the attack and beating caused the death of the decedent. The claim is therefore pled in the alternative with both a claim for wrongful death and a survival claim.

The Plaintiffs further assert in their response that: "The theories are mutually exclusive and the Plaintiff concedes that recovery may be had under one claim but not under both." The Plaintiffs' claim for damages as survivors to a § 1983 claim that Hitchcock may have

9

asserted prior to his death is based upon Florida Statute section 46.021, which states that: "No cause of action dies with the person. All causes of action survive and may be commenced, prosecuted and defended in the name of the person as prescribed by law."

The Plaintiffs are correct that they may plead in the alternative in the manner they have described.[9]  Accordingly, while the Court finds that Counts VIII and IX must be dismissed for the reasons already articulated, the Court interprets Counts VI and X as containing allegations for recovery of damages pursuant to Florida's Wrongful Death Statute and, in the alternative, for damages that Hitchcock may have recovered prior to his death.

### *Supervisory Liability as to Sheriff Dean*

Dean moves to dismiss Count X of the Amended Complaint, in which the Plaintiffs purported to state a § 1983 claim against Dean individually and in his official capacity as Marion County Sheriff, because he argues that the Plaintiffs have failed to state a claim under § 1983 against him in his supervisory capacity.  The Eleventh Circuit has held that "supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation."[10]  The necessary causal connection can be established (a) "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails

---

[9] See Fed. R. Civ. P. 8(a) ("Relief in the alternative or of several different types may be demanded.").

[10] See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

to do so;" or (b) "when a supervisor's custom or policy results in deliberate indifference to constitutional rights' or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."[11]

Dean asserts that Count X of the Amended Complaint must be dismissed as to him because the only allegations in the Amended Complaint of wrongdoing on his part concern "instituting policies and procedures in his capacity as the Sheriff of Marion County" and the Plaintiffs "have not alleged that [Dean] is personally responsible under a supervisory liability theory of Section 1983."  The Plaintiffs respond accurately that they included in the Amended Complaint allegations that Dean failed to supervise and train his deputies to honor the constitutional rights of citizens.  Indeed, the Plaintiffs stated seven instances of Dean's allegedly improper policies, customs and practices.  Moreover, the Plaintiffs alleged that Dean "maintained ongoing policies, customs or practices which directly and proximately result[ed] in the deprivation of civil rights of Earl C. Hitchcock," and that the "policies and customs" of Dean "demonstrate a deliberate indifference" on his part.  Thus, it appears clear to the Court that the Plaintiffs have met the very minimal pleading requirements necessary to survive a Rule 12(b)(6) motion to dismiss.

---

[11] Id.

### *Qualified Immunity as to Sheriff Dean, Individually*

Dean moves to dismiss Count X of the Amended Complaint, to the extent that the Plaintiffs purported to state in that Count a § 1983 claim against Dean individually, because he argues that qualified immunity protects him from personal liability. When a plaintiff sues a governmental officer in his or her individual capacity for alleged civil rights violations, the officer may raise an affirmative defense of qualified immunity.[12] The Supreme Court follows a two-part analysis when evaluating a qualified immunity defense. The first, threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish that the individual defendant violated a constitutional right.[13] If the plaintiff satisfies this burden, then the court must determine whether the plaintiff has proven that the constitutional right at issue was clearly established.[14] "While qualified immunity is typically addressed at the summary judgment stage of the case, the defense may be raised and considered on a motion to dismiss; the motion will be granted if the complaint fails to allege the violation of a clearly established constitutional right."[15] It is well-established that the Fourth Amendment

---

[12] See Kentucky v. Graham, 473 U.S. 159, 166-67 (1985).

[13] Hope v. Pelzer, 536 U.S. 730, 736 (2002); Saucier v. Katz, 533 U.S. 194, 200 (2001).

[14] Hope, 536 U.S. at 739; Saucier, 533 U.S. at 200.

[15] Williams v. Ala. State Univ., 102 F.3d 1179, 1182 (11th Cir.1997).

of the United States Constitution confers a federal constitutional right to be free from unreasonable searches and seizures.[16]

Dean's argument to dismiss the Amended Complaint based upon qualified immunity, while acknowledging the principles set forth by the Court, simply echoes his argument to dismiss the Amended Complaint based upon a lack of allegations establishing supervisory liability under § 1983.  Namely, Dean asserts that "no facts can be established to show that Defendant, Dean, personally participated or supervised the events of November 13, 2004, which would give rise to individual liability."  Further, Dean acknowledges that the Amended Complaint alleges "that he is responsible for the implementation of policies and procedures," but insists in a conclusory fashion that "those allegations are simply insufficient to rise to the level to establish individual liability under Section 1983."  Noting that the determination of qualified immunity is best left for summary judgment following discovery, and for the same reasons the Court found that the Plaintiffs stated a claim under a theory of supervisory liability, the Court finds that the Plaintiffs have met the very minimal pleading requirements necessary to survive a Rule 12(b)(6) motion to dismiss.[17]

---

[16] See Graham v. Connor, 490 U.S. 386 (1989).

[17] The Court exercises its discretion not to consider the additional materials attached by the Plaintiffs to their responses, and not to consider the facts discussed in their responses that are outside the Amended Complaint.  See Fed. R. Civ. P. 12 (b).

### *Constitutional Violation Alleged in Remaining § 1983 Claims (Counts VI and X)*

Dean moves to dismiss Count X on the grounds that the Plaintiffs stated the improper legal standard in that Count.  Namely, Dean argues that a violation of the Fourteenth Amendment is not applicable to Count X because the proper standard under which to decide a citizen's claim that a law enforcement officer used excessive force in the course of making an arrest is the Fourth Amendment's objective reasonableness standard rather than the substantive due process standard of the Fourteenth Amendment.[18]  The Plaintiffs respond simply that: "The Plaintiff agrees with the Defendant's argument."  The Court interprets the Plaintiffs' response to be a concession that they are proceeding with their § 1983 claim in Count X solely under the theory of an alleged Fourth Amendment violation.  Further, the Court finds that a liberal interpretation of the two remaining § 1983 claims in the Amended Complaint - Counts VI and X - leads to the conclusion that those Counts can only be read to state violations of Hitchcock's Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.   Accordingly, to the extent that the Plaintiffs sought relief for the violation of any other civil right in Counts VI and X, those claims are dismissed.

### *Punitive Damages Against the Dean as the Sheriff of Marion County*

Dean asserts in his motion that the Plaintiffs, in Counts VIII, IX and X of the Amended Complaint, improperly alleged punitive damages against Dean in his official capacity as

---

[18] See Graham, 490 U.S. at 395-96.

Sheriff of Marion County.[19] Dean recites that under Article VII of the Florida Constitution, the sheriff is a constitutional officer and elected county official, and under federal and state law the Sheriff of Marion County is immune from claims of punitive damages.[20] The Plaintiff responds that punitive damages are permissible against individual defendants in § 1983 cases. The Court interprets the Plaintiffs' response as a concession that the Plaintiffs are not seeking punitive damages against Dean, in his official capacity as Sheriff of Marion County, in Counts VIII, IX and X.

*Florida Rules Concerning the Pleading of Punitive Damages*

The Defendants have moved to dismiss all claims for punitive damages in the Amended Complaint for the failure if the Plaintiffs to follow the requirements of Florida Statutes section 768.72, which requires that parties in Florida state court obtain leave of court before pleading a request for punitive damages. The Defendants' argument is without merit because a plaintiff in federal court need not abide by the requirements of section 768.72. In Cohen v. Office Depot, the Eleventh Circuit reiterated its holding that: "Florida Statutes § 768.72 conflicts with and must yield to the 'short and plain statement' rule contained in Federal Rule of Civil Procedure 8(a)(3), and as a result a Florida plaintiff in federal court because of diversity jurisdiction need not obtain leave of court before pleading

---

[19] See Beard v. Hambrick, 396 So. 2d 708 (Fla. 1981).

[20] See Fla. Stat. § 768.72(5); Fact Concerts v. City of Newport Beach, 101 S. Ct. 2748 (1981).

a request for punitive damages."[21] The Court sees no reason why the Eleventh Circuit's holding would not also apply to a case such as this, where a Florida plaintiff is in federal court due to the exercise of jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1343.

### *Plaintiff Miranda Hitchcock Lacks Standing*

The Defendants move to dismiss Plaintiff Miranda Hitchcock, the minor child of Hitchcock, from this action, because only one individual plaintiff has standing to pursue the causes of action asserted in the Amended Complaint, namely the § 1983 claims and the claims for wrongful death.  The Plaintiffs simply respond that: "Plaintiff agrees with the Defendant's argument and will pursue all claims and damages through the Personal Representative of the Estate of Earl C. Hitchcock including all claims for Miranda Hitchcock the daughter of Earl C. Hitchcock."  The Court interprets the Plaintiff's response as a voluntary dismissal of all claims brought by Miranda Hitchcock against the Defendants, and dismisses her from this case.

## Conclusion

In the sake of clarity moving forward, the Court will summarize the Amended Complaint as it stands after this Order.  The only Plaintiff in this case will be Marga Taylor, as Personal Representative of the Estate of Earl C. Hitchcock.  The following five Counts remain:

(a) Count II - claim for battery against Pappas, individually;

---

[21] 204 F.3d 1069, 1072 (11th Cir. 2000).

(b) Count IV - claim for wrongful death against Pappas, individually;

(c) Count VI - § 1983 claim against Pappas, individually, alleging a violation of decedent Earl C. Hitchcock's Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure and seeking damages, in the alternative, as survivors of the decedent and under Florida's Wrongful Death Statute;

(d) Count VII - claim for vicarious liability against Dean, as the Sheriff of Marion County, which claim is essentially a claim against Marion County; and

(e) Count X - § 1983 supervisory liability claim against Dean, individually and in his official capacity as Sheriff of Marion County, alleging a violation of decedent Earl C. Hitchcock's Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure and seeking damages, in the alternative, as survivors of the decedent and under Florida's Wrongful Death Statute; noting that the claim against Dean in his official capacity as the Sheriff of Marion County is essentially a claim against Marion County and that the Plaintiff is seeking punitive damages against Dean individually, and not in his official capacity.

Upon due consideration and for the forgoing reasons, it is ordered that:

(1) the Motion to Dismiss Amended Complaint by Defendant Ed Dean, Individually, and in His Official Capacity as Sheriff of Marion County (Doc. 37), is GRANTED in part as stated in this Order, and DENIED in all other respects;

(2) the Motion to Dismiss Amended Complaint by Defendant Johnny Pappas, Individually, and in His Official Capacity as Deputy Sheriff of Marion County, Florida (Doc.36) is GRANTED in part as stated in this Order, and DENIED in all other respects; and

(3) Plaintiff Miranda Hitchcock is DISMISSED from this action with prejudice.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 25th day of October, 2006.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy